# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **CIT BANK, N.A.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:15-CV-0091-VEH |
| | ) |
| **JOSEPH KING III,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Now that the court has granted summary judgment against Lavert Andrews in its favor, Plaintiff CIT Bank, N.A. ("CIT") has moved for default judgment against the sole remaining Defendant, Joseph King III ("King"). CIT seeks attorney's fees, and the motion will be **GRANTED**.

The facts are described in detail in the court's summary judgment opinion, but, in short, King forged his roommate's signature on a set of deeds, purportedly vesting title in their home in himself only so that he could obtain loans secured by the property.[1] Thereafter, his roommate realized what he had done, and she sought in state court to have her interest in the property restored. The state court obliged. After a series of transfers, CIT and Lavert Andrews claimed title to the property, and this

---

[1] CIT owns such loans.

court determined that CIT was the true owner.

The court's analysis of CIT's Motion for Default Judgment involves a two-step process. First, the court must satisfy itself that it has jurisdiction over the parties. Second, the Court must ensure that CIT has satisfied the elements of Rule 55, FED. R. CIV. P., and is entitled to the default judgment it seeks. *See Nishimatsu Constr. Co v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[2] (explaining that "a defendant's default does not in itself warrant the court entering a default judgment" and that "[t]here must be a sufficient basis in the pleadings for the judgment entered").

Relevant here, personal jurisdiction exists where a defendant "has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Since King forged the deeds while living in Jefferson County, the court has personal jurisdiction over him for this matter. Additionally, his summons was returned executed. (Doc. 7).

Federal Rule of Civil Procedure 55(b)(2) allows the court to enter a default judgment when the Clerk has entered default and the party seeking judgment has

---

[2] All decisions of the former Fifth Circuit handed down prior to September 30, 1981, constitute binding precedent on this Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

applied to the court for a default judgment. To determine whether the moving party is actually entitled to a default judgment, the court must review the sufficiency of the complaint and its underlying merits. *See Stegeman v. Georgia*, 290 Fed. App'x 320, 323 (11th Cir. 2008) (citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The law is well-settled that "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Tyco Fire & Sec.*, 218 Fed. App'x at 863. However, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007).

In the complaint, King was named as a defendant for breach of contract, and plaintiff sought reasonable attorney's fees. The attorneys here request $67,653.67. "In Alabama, in state law causes of action, attorney fees are recoverable as part of the costs of an action only where authorized by statute, when provided in a contract, or by special equity, such as a proceeding where the efforts of an attorney create a fund out of which fees may be paid." *Subway Rest., Inc. v. Madison Square Assocs., Ltd. by CBL Wyo., Inc.*, 613 So. 2d 1255, 1257 (Ala. 1993). The promissory note here provided for attorney's fees in the event of litigation. (Doc. 40-1, ¶ 7). The fee award must be reasonable. *See Subway*, 613 So.2d at 1257. In light of the factors the court

should consider in assessing the reasonableness of the fees,[3] the court concludes that an award of $67,653.67 is not unreasonable.

THEREFORE, it will be **ORDERED** that judgment is entered against Defendant Joseph King, III in the amount of $67,653.67. A separate final judgment will issue.

**DONE** this 4th day of August, 2016.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[3] "(1) [T]he nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstance." *Buckley v. Seymour*, 679 So. 2d 220, 227 (Ala. 1996).